NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-932

TOWN OF SALISBURY

vs.

GRACEMARIE TOMASELLI & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The pro se appellants appeal from a single justice order denying their motion to late docket their appeal and from a single justice order denying a motion to reconsider that initial denial.  There is no dispute that the appellants timely received from the District Court Department a notice dated July 15, 2021, reading in full, "The parties are hereby NOTIFIED that the RECORD IS FULLY ASSEMBLED in the subject case in accordance with the Massachusetts Rules of Appellate Procedure (M.R.A.P. Rule 9)."  They failed to docket their appeal within the fourteen days provided by Mass. R. A. P. 10 (a) (1), as appearing in 481 Mass. 1618 (2019).

---

[1] Joyce Tomaselli.

The appellants subsequently, after the deadline under rule 10 had passed, received a notice from this court that that notice of assembly of the record was received by the court on July 16, 2021. Our notice stated that, pursuant to Mass. R. A. P. 10 (a) (1), each appellant has fourteen days from receipt of the notice of assembly to docket the appeal in the Appeals Court by paying the required entry fee or moving for waiver of the fee on grounds of indigency. Our notice stated that as of August 18, 2021, no appellant had entered the appeal, pursuant to Mass. R. A. P. 10 (a) (1). Our notice also stated that if an appellant wished to pursue the appeal, a motion had to be filed before the single justice for leave to docket the appeal late. The appellants filed such a motion.

In cases in which an appellant fails to docket a civil appeal in a timely manner, pursuant to Mass. R. A. P. 10 (a) (1), as a threshold matter, the appellant must demonstrate "that the delay was caused by excusable neglect." Howard v. Boston Water and Sewer Comm'n, 96 Mass. App. Ct. 119, 122 (2019). In their motion, the appellants asserted that they "did not know about M.R.A.P. Rule 9(e) and Rule 10(a)(1) until we received the Appeals Court notice." They also asserted that they had contacted the Appellate Division of the District Court to obtain the transcripts of the hearing.

2

With respect to this latter assertion, their motion included no explanation of how this was relevant to their failure to docket the appeal timely.  With respect to the first assertion, we cannot properly say that it was an abuse of discretion for the single justice to conclude that lack of knowledge of the rules, even on the part of a pro se appellant, does not amount to excusable neglect.  See Neuwirth v. Neuwirth, 85 Mass. App. Ct. 248, 257 (2014) (good faith misunderstanding of pro se appellant's obligation under rules does not constitute excusable neglect).  The appellants' emergency motion for reconsideration of the single justice's order did not present any additional reason for the failure timely to docket the appeal, and, therefore, again, we cannot properly conclude that the single justice's denial of that motion was an abuse of discretion.

Before us the appellants point out that the notice of assembly of the record did not refer to rule 10, but only to rule 9.  The appellants argue that the notices sent by other courts of the assembly of the record make reference to rule 10, and that, in omitting to mention the rule, the District Court Department's form notice failed to provide them proper notice. They have included as exhibits form notices of assembly of the record from several courts that do indeed state that action must be taken within a number of days identified in the rule; indeed,

3

they have included the notice of assembly of the record provided by this court in this appeal from the single justice orders, and it, too, cites rule 10.

We cannot say that there is no force to this argument, but as it was not raised before the single justice either in the original motion to late docket the appeal or in the motion for reconsideration, it is not properly before us.  Therefore, we may not address it, and we express no opinion on its ultimate merit.  The orders of the single justice are affirmed.

> Orders denying motion to late docket the appeal and for reconsideration affirmed.
>
> By the Court (Rubin, Englander & Hand, JJ.[2]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered:  March 17, 2023.

---

[2] The panelists are listed in order of seniority.